**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


**DAVID KIPP,**                                      )
                 **Plaintiff,**                )
                              )
                              )  **2:11-cv-1553**
                 v                )
**OFFICER ARII L. METZ** *individually and*      )
**CORRECTIONS OFFICER MARCIA L.**             )
**WILLIAMS** *individually,*                       )
               **Defendants.**             )
                              )
                              )


## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

This case arose out of an incident at the Allegheny County Jail on October 12-13, 2010 in which Plaintiff David Kipp ("Kipp"), while held as a pretrial detainee, was physically assaulted by a corrections officer. The sole remaining issues in the case involve the damages incurred by Kipp and the amount of default judgment to be awarded against Defendant corrections officers Arii L. Metz ("Metz") and Marcia L. Williams ("Williams").


<u>Procedural History</u>

Kipp filed the original Complaint in this case on December 7, 2011 and filed an Amended Complaint on February 17, 2012 against numerous Defendants. In a Memorandum Opinion and Order dated April 27, 2012, the Court held that the Amended Complaint failed to plead any plausible claims against Defendants Allegheny County, the Bureau of Corrections or Warden Rustin and dismissed each of them as parties. On May 22, 2012, the Clerk of Court entered default against Metz and Williams pursuant to Fed. R. Civ. P. 55(a). On March 22, 2013, the Court granted a Stipulation of Dismissal as to Defendants Allegheny Correctional Health Services, Inc., Corrections Officer Timothy Miller, and Dana Phillips. The confidential

settlement agreements entered into between Kipp and these Defendants have been provided to the Court by Kipp.  The only two Defendants remaining in the case are Metz and Williams.

On April 16, 2013, the Court conducted a hearing on Plaintiff's damages.  Defendants Metz and Williams received notice of the hearing.  Defendant Metz was present in the courtroom throughout the hearing and was given an opportunity to testify and/or present evidence, which he declined.  Williams did not attend the hearing.

In accordance with Fed. R. Civ. P. 52 and Fed. R. Civ. P. 55, the Court hereby makes the following findings of fact and conclusions of law based on the testimony and evidence presented at the hearing and applicable law:

Findings of Fact

1. Kipp testified as to the damages he suffered during the incident on October 12-13, 2010 and submitted photographs and medical records.

2. When Kipp was arrested and taken to the Allegheny County Jail on the night of October 12th, the intake nurse determined that he posed a potential threat to himself.  Therefore, Kipp was clothed in a suicide (prevention) garment and placed into an isolated cell.

3. Kipp repeatedly used the intercom/call button in the cell to request a phone call, an attorney, his clothes and his medication for his schizo-affective bipolar disorder.

4. Metz, who was on duty at the jail, became frustrated and threatened to strike Kipp in the face each time he continued to press the call button.

5. Metz later came into Kipp's cell and struck him in the face a handful of times and called him a "fairy."

6.  Kipp was then transferred to a different cell, where he received additional physical blows from Metz.  Kipp was bleeding profusely.

7.  Williams did not strike Kipp.

8.  Kipp was eventually taken to the infirmary at the jail.  The doctor recommended that Kipp be taken to the hospital immediately.  However, Kipp was not taken to the hospital until several days later.

9.  Kipp testified that his nose was "rebroken back into place" at the hospital on October 21, 2010 in an out-patient procedure and he then returned to the jail.

10. In addition to a broken nose, Kipp suffered general battering of his face, ruptured blood vessels in both eyes and a perforated ear drum.

11. Kipp remained in the jail for approximately three weeks after the incident.  The photographs submitted into evidence were taken after Kipp was released from jail.

12. Kipp testified that he suffers from post-traumatic stress disorder ("PTSD"), nightmares, night terrors, heightened anxiety, phobias and depression as a result of the incident.

13. Kipp testified that he received some psychiatric treatment, although he did not have any supporting documentation, and initially took the prescribed medications along with illicit drugs.  After a few months, though, Kipp stopped taking the prescribed medications.

14. Kipp explained that he engaged in self-destructive behavior after the incident by switching from marijuana and hallucinogens to opiates.  Kipp became addicted to opiates; violated his probation[1]; attended drug rehabilitation; and has been free from illicit substances since January 2012.

15. Kipp did not experience any lost wages because he had just received his certificate in massage therapy and was technically unemployed at the time of the incident.

---

[1] Kipp was sentenced to a year of probation as a result of the charges stemming from his arrest on October 12, 2010.

Conclusions of Law

1. The Amended Complaint asserts the following claims against Metz and/or Williams:  (1) Fourteenth Amendment excessive force, against Metz; (2) Fourteenth Amendment failure to intervene against Williams; (5) assault and battery against Metz; and (6) intentional infliction of emotional distress ("IIED") against both.  Kipp seeks compensatory and punitive damages.

2. Liability has been conclusively established and the clerk has entered default against Metz and Williams because of their failure to plead or otherwise defend the case.  Metz and Williams have been served with proper written notice of the hearing.  Indeed, Metz was present in the courtroom but declined to offer any defense or justification for his actions.

3. The Court has sufficient evidence to determine the amount of damages and to enter default judgment, pursuant to Fed. R. Civ. P. 55(b)(2).

4. Even though default has been entered, Kipp still bears the burden to prove causation and damages. *Chimenti v. Kimber*, 2010 WL 2650506 at *3 (M.D. Pa. 2010).  Kipp must show that each Defendant's act or omission played a substantial part in bringing about his injuries.  *See, e.g, Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) ("It is axiomatic that '[a] § 1983 action, like its state tort analogs, employs the principle of proximate causation.'")

5. Kipp is entitled to recover the following categories of compensatory damages:

   a. Physical harm to plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that plaintiff is reasonably certain to experience in the future;

   b. Emotional and mental harm to plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiff is reasonably certain to experience in the future;

c. The reasonable value of the medical [psychological, hospital, nursing, and similar] care and supplies that plaintiff reasonably needed and actually obtained, and the present value of such care and supplies that plaintiff is reasonably certain to need in the future; and

d. The wages, salary, profits, reasonable value of the working time that plaintiff has lost because of his diminished ability to work, and the present value of the [wages, etc.] that plaintiff is reasonably certain to lose in the future because of his diminished ability to work.

6. An award of punitive damages is discretionary; that is, even if the legal requirements for punitive damages are satisfied, the factfinder may decide to award punitive damages, or may decide to not award them.

7. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. The factfinder must also consider whether actual damages standing alone are sufficient to deter or prevent a defendant from again performing any wrongful acts he may have performed.

8. The Court finds and concludes that Kipp is entitled to recover $3,000.00 in compensatory damages from Defendant Metz.

9. The Court finds and concludes that the harm caused by Metz in the actual physical assault can be apportioned from the harm caused by the alleged delay in receiving medical treatment. *See Bennis v. Gable*, 823 F.2d 723, 734 n.14 (3d Cir. 1987) ("Apportionment [of compensatory damages] is appropriate whenever 'a factual basis can be found for some rough practical apportionment, which limits a defendant's liability to that part of the harm which that defendant's conduct has been cause in fact.'") Thus, the award of damages awarded against Metz does not result in an overlap with the amounts

Kipp obtained in settlements with other Defendants and does not result in a duplicative recovery of compensatory damages.

10. The Court finds and concludes that Kipp has not met his burden to prove that the acts or omissions of Defendant Williams were a proximate cause of his injuries.  The Court finds and concludes that Kipp's damages were caused by Metz.

11. The Court finds and concludes that Kipp is entitled to recover punitive damages of $4,500.00 against Metz.  The uncontested evidence proved that the conduct of Metz was outrageous and constituted a malicious and wanton violation of Kipp's rights.  The Court is aware that Metz and Williams face criminal liability for the conduct which gave rise to this case.  Nevertheless, an award of punitive damages is necessary to ensure that the considerations of punishment and deterrence are adequately addressed.

Order of Court

AND NOW this 23rd day of May, 2013, in accordance with the foregoing, it is hereby **ORDERED, ADJUDGED and DECREED** that Judgment will be entered in favor of Plaintiff Kipp and against Defendant Metz in the amount of $7,500.00.  Judgment will be entered in favor of Defendant Williams and against Plaintiff Kipp.  The clerk will docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Patrick W. Murray, Esquire**
        Email: <u>pmurray24@hotmail.com</u>

        **Arii L. Metz**
        251 Bascom Avenue
        Pittsburgh, PA 15214
        **via first class & certified mail**

        **James A. Wymard, Esquire**
        Email: <u>wymardanddunn@verizon.net</u>
        (not counsel of record)

        **Marcia L. Williams**
        2722 Hazelton Street
        Pittsburgh, PA 15214
        **via first class & certified mail**

        **Frank C. Walker II, Esquire**
        Email: frank@frankwalkerlaw.com
        (not counsel of record)